## Appeal of Thomas Atkinson et al.

It is only a clear case of mistake that will justify the supreme court in reversing the court below upon a question of fact which has been passed upon by an auditor and, after exceptions and argument, determined in concurrence with the auditor's report by the court below.

In this case, where the claim was against a decedent's estate upon judgment notes, and the claim was allowed by the orphans' court, in spite of evidence of acts on the part of the claimant which appeared somewhat inconsistent with the claim, the decree was affirmed.

(Argued April 11, 1888. Decided May 21, 1888.)

January Term, 1888, No. 124, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Luzerne County, distributing a decedent's estate. Affirmed.

The facts as they appeared at the audit of the first partial account of Thomas Atkinson, executor of William Atkinson, deceased, are stated in the opinion.

The appellants were the residuary legatees.

The assignments of error specified, respectively, the action of the court below in overruling exceptions to the report of the auditing judge allowing the claims of Dr. H. C. Bacon for $1,200 and $1,000, with interest, on judgment notes, and for $10 for professional services.

*H. B. Payne* and *Q. A. Gates,* for appellants.—The orphans' court failed properly to apply the law in deciding what were the facts and to give proper weight to inferences growing out of the testimony. Therefore, this is a case for the supreme court to review the evidence and to put its own construction thereupon. Cake's Appeal, 110 Pa. 65, 20 Atl. 415.

No brief was filed for appellee.

OPINION BY MR. JUSTICE WILLIAMS:

The question raised by this appeal is one of fact. Dr. H. C. Bacon presented a claim against the estate of Wm. Atkinson, deceased, for the amount of two notes. One of these purported

to have been made on April 30, 1881; at one year, for $1,000. The other bore date September 30, 1882, was for $1,200, and was payable at two years from date.

At the hearing before the auditor, Bacon produced the subscribing witness, who attested the execution of the note for $1,200, and proved by him that he signed the note as a witness at the request of Bacon and in the presence of Atkinson, although he did not see the note executed. The same witness also testified to his belief that the signature to the other note was genuine. This made a case, prima facie, for Bacon, which justified the auditor in allowing the notes unless it was overcome by evidence on the part of the executor. The reply on his part seems to have been confined to an effort to show payment of the notes. For this purpose declarations of Bacon made to the appellant and to two or three other witnesses were shown, in which he spoke of his claim in a manner inconsistent with his present position. His letter to the executor inclosing a small medical bill, but making no allusion to the notes held by him, was also given in evidence.

The declarations and the letter show want of memory or want of integrity. What weight should be given to them depended largely on the appearance and manner of the witnesses, of which the court below had ample opportunity to judge. We cannot say the court was wrong in its conclusion, because we have not the means for revising its judgment upon the credibility of the witnesses who were before it. We do not understand why the claimant did not deny or explain some of the declarations imputed to him. He was competent for that purpose. His failure to do so affords room for suspicion which most men would be glad to allay; but it did not necessarily prove payment. It must be a clear case of mistake that will justify us in reversing the court below upon a question of fact which has been passed upon by an auditor and, after exceptions and argument, concurred in by the court.

Judgment affirmed.